UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LELAND WHEELER,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF SANTA CLARA, et al.,<br><br>Defendants. | Case No.  16-cv-01953-RMW<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>Re: Dkt. No. 16 |

This is a civil rights action against the City of Santa Clara and several members of the Santa Clara Police Department arising out of the shooting death of Deborah Colbert. For the reasons set forth below, the court grants defendants' motion to dismiss.

## I.   BACKGROUND

Plaintiff Leland Wheeler is the biological son of Deborah Colbert. *Id*. ¶ 20. Plaintiff was adopted when he was nine months old, but later developed a close relationship with his biological mother. *Id.* According to the complaint, Deborah Colbert called 911 on April 13, 2014 and told the dispatcher that she had taken pills, had been drinking heavily, and wanted the police to shoot her. *Id*. ¶ 14. Ms. Colbert also stated that if the police came to her door, she would be wielding a baseball bat. *Id*. Shortly after the 911 call, officers arrived at Ms. Colbert's residence and attempted to gain entry. *Id*. ¶¶ 15-17. Ms. Colbert emerged with a baseball bat, and the officers

fired at Ms. Colbert. *Id*. ¶ 18. Ms. Colbert was shot and died at the hospital on April 14, 2014. *Id*. Plaintiff alleges that Ms. Colbert's death was needless. *Id*. Plaintiff asserts two § 1983 claims on his own behalf: a Fourteenth Amendment substantive due process claim for deprivation of his right to a familial relationship with his biological mother and a related *Monell* claim for supervisory liability. *Id*. ¶¶ 27-31, 32-35. Plaintiff also asserts claims on behalf of Deborah Colbert: a Fourth Amendment excessive force claim, a related *Monell* claim for supervisory liability, and claims under the Americans with Disabilities Act and Rehabilitation Act. *Id*. 21-26, 32-5, 36-42.

## II. ANALYSIS

Defendants move to dismiss plaintiff's substantive due process claims, arguing that plaintiff has no constitutionally protected liberty interest in the relationship with his biological mother. Defendants also argue that plaintiff cannot assert claims on her behalf. Defendants' motion to dismiss is granted.

### A. Plaintiff's Individual Claims

Plaintiff asserts a substantive due process claim under the Fourteenth Amendment and a related *Monell* claim on his own behalf. "[B]oth the parents and children of a person killed by law enforcement officer" may assert Fourteenth Amendment substantive due process claims based on the "deprivation of their liberty interest arising out of their relationship." *Moreland v. Las Vegas Metro. Police Dep't*, 159 F.3d 365, 371 (9th Cir. 1998), *as amended* (Nov. 24, 1998). Here, however, plaintiff's adoption "sever[ed] the relationship of parent and child" between plaintiff and his natural parent. Cal. Prob. Code § 6451(a)). Plaintiff, therefore, lacks a cognizable liberty interest in a relationship with his biological mother. Plaintiff cites several Ninth Circuit cases recognizing the liberty interest in a parent-child relationship. *See, e.g.*, *Curnow v. Ridgecrest Police*, 952 F.2d 321, 325 (9th Cir. 1991) (confirming that both parents and children had a Fourteenth Amendment liberty interest "the companionship and society" of shooting victim); *Crumpton v. Gates*, 947 F.2d 1418, 1423–24 (9th Cir. 1991) (permitting action brought by six-year old son of shooting victim who was a two month-old fetus when his father was shot). But

2
16-cv-01953-RMW
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
FC

none of these cases found that a cognizable liberty interest in a parent-child relationship that had been legally severed.

The court is not convinced by plaintiff's argument that the parent-child relationship encompasses both natural and adoptive parents under the California Family Code. *See* Cal. Fam. Code § 7601(b) ("Parent and child relationship" as used in this part means the legal relationship existing between a child and the child's *natural or adoptive parents* incident to which the law confers or imposes rights, privileges, duties, and obligations.") (emphasis added). The Family Code defines the parent and child relationship as the "legal relationship . . . incident to which the law confers or imposes rights, privileges, duties, and obligations." By referencing a child's "natural or adoptive parents," the Family Code merely recognizes that a child's legal parental relationship could be with either. Moreover, at least one California court has found that a daughter lacked standing to bring a wrongful death claim as the "child" of her biological father because her adoption by other parents severed the parent-child relationship. *See Phraner v. Cote Mart, Inc.*, 55 Cal. App. 4th 166, 171 (1997) (citing Cal. Prob. Code § 6451(a)).

Plaintiff also argues that he did not choose to sever the relationship with his biological mother, and in fact made a concerted effort to maintain a relationship. But a close relationship is not sufficient to establish a constitutional interest in the decedent's companionship and society. *See Bell v. City of Milwaukee*, 746 F.2d 1205, 1247 (7th Cir. 1984) *overruled on other grounds by Russ v. Watts*, 414 F.3d 783 (7th Cir. 2005) ("Obviously many human relationships stem from the 'emotional attachments that derive from the intimacy of daily association,' but we are unwilling to attach constitutional significance to such attachments outside the closely guarded parent-child relationship."); *see also Ward v. City of San Jose,* 967 F.2d 280, 283-84 (9th Cir.1991) (adopting the rule of *Bell* and finding no cognizable liberty interest for siblings). Nor is the court persuaded by plaintiff's citation to *Moore v. City of E. Cleveland, Ohio*, 431 U.S. 494 (1977), which addressed a constitutionally protected liberty interest in "freedom of personal choice in matters of marriage and family life," rather than a liberty interest in the companionship and society of a parent. *Id.* at 499.

### B.     Plaintiffs' Survivor Claims

Plaintiff brings § 1983 excessive force claims under the Fourth Amendment and *Monell*, as well claims under Americans with Disabilities Act and Rehabilitation Act, on behalf of his mother. The parties do not dispute that plaintiff lacks the capacity to pursue survivor claims under California's survivorship statute. Only a decedent's "personal representative" or "successor in interest" may assert a survivor claim in California. Cal. Civ. Proc. Code § 337.30. Plaintiff does not claim to be either.

Plaintiff argues that California's state statute should not apply, and asks the court to instead apply a federal common law rule of survivorship that would permit his claims to proceed. *See* Dkt. No. 23 at 9. Plaintiff contends that the California statute does not control with respect to his § 1983 claims because it is inconsistent § 1983's underlying policy goals. *See Robertson v. Wegmann*, 436 U.S. 584, 589-90 ("survival of civil rights actions under § 1983" governed by state statutes unless state law is 'inconsistent with the Constitution and laws of the United States'") (quoting 42 U.S.C. § 1988)).[1] Plaintiff further argues that defendants' motion does not establish that the California survivorship rule applies to the federal ADA and Rehabilitations Act claims he asserts on behalf of his biological mother.

Plaintiff does not, however, identify any source of federal common law that would permit a survivor claim by a plaintiff with no legal relationship to the decedent. In each case cited by plaintiff, the right of the plaintiff to bring survivor claims on behalf of the decedent was undisputed. *See, e.g.*, *Carlson v. Green*, 446 U.S. 14, 16 (1980) (survivor claim brought by mother

---

[1] The court is not persuaded by this argument. "A state statute cannot be considered 'inconsistent' with federal law merely because the statute causes the plaintiff to lose the litigation." *Robertson*, 436 U.S. at 593. Like the Louisiana statute at issue in *Robertson*, section 337.30 reasonably limits the class of persons who may pursue survivor claims on behalf of a decedent, but it does not affect the adequacy of the remedies available to such persons. *Id.* at 592 (finding compensation to "one who is merely suing as the executor of the deceased's estate" not required and noting that "even an official aware of the intricacies of Louisiana survivorship law would hardly be influenced in his behavior by its provisions"). Therefore, the court is not convinced that section 337.30 reduces the compensation or deterrence effects of § 1983—even when applied to claims based on an alleged violation that caused death. *Cf., e.g.*, *Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1104 (9th Cir. 2014) (finding that prohibition against pre-death pain and suffering damages limited recovery "too severely" to be consistent with § 1983's compensation and deterrence goals.).

1  on "behalf of the estate of her deceased son"); *Chaudhry*, 751 F.3d at 1102 (claims brought on
2  behalf of estate); *Guyton v. Phillips*, 532 F. Supp. 1154, 1156 (N.D. Cal. 1981) *disapproved of on*
3  *other grounds by Peraza v. Delameter*, 722 F.2d 1455 (9th Cir. 1984) ("action is brought on
4  behalf of the deceased minor by his mother as the Administratrix of the Estate"). The court
5  concludes, therefore, that even if federal law applies, plaintiff lacks capacity to assert claims on
6  Deborah Colbert's behalf.

### III.   CONCLUSION

For these reasons, defendants' motion to dismiss for failure to state a claim is granted. Plaintiff's request for leave to amend is denied as futile.

**IT IS SO ORDERED.**

Dated: November 1, 2016

_____
Ronald M. Whyte
United States District Judge

5
16-cv-01953-RMW
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
FC